IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>2011 GRAY MINI COOPER S,<br>LICENSE PLATE JFB869M<br>VIN:WMWSV3C5XBTY13945;<br><br>Defendants *in rem*. | CIVIL NO. 20- |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW, the United States of America, by and through its undersigned attorneys, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

1. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. §§ 881(a)(4), and 18 U.S.C. §§ 981(a)(1)(A) and (C).

2. The defendant vehicle seized by an officer of the Federal Bureau of Investigation (FBI), consists of 2011 Mini Cooper S, License Plate JEB869, VIN: WMWSV3C5XBTY13945.

3. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345; over an action for forfeiture pursuant to 28 U.S.C. § 1355; and over this particular action pursuant to 21 U.S.C. § 881(a)(4) and 18 U.S.C. §§ 981(a)(1)(A) and (C).

4. This Court has *in rem* jurisdiction over the defendant vehicle pursuant to 28 U.S.C. §§ 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and 1395 (the defendant vehicle is found in this district).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and 1395 (the defendant vehicle is found in this district).

6. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(4), which provides that all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of vehicle described in paragraphs (1) (all controlled substances manufactured, distributed, dispensed or acquired in violation of Subchapter I of Chapter 13 of Title 21), (2) (all raw materials, products, and equipment of any kind which are used or intended for use in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in violation of Subchapter I of Chapter 13 of Title 21), or (9) (all listed chemicals, all drug manufacturing equipment, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules, which have been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported, in violation of Subchapters I or II of Chapter 13 of Title 21 and 18 U.S.C. §§ 981(a)(1)(A) and (C)(Civil forfeitures).

7. The facts and circumstances supporting the seizure and forfeiture of the defendant vehicle are contained in the 28 U.S.C. § 1746 unsworn declaration of the Federal Bureau of Investigation (FBI), Special Agent, Carlos Rodriguez attached hereto, and incorporated herein as if fully stated.

WHEREFORE, the United States of America respectfully requests that a warrant of arrest for the defendant vehicle be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant vehicle condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of Nov., 2020.

W. STEPHEN MULDROW
United States Attorney

*s/Linet Suárez*
Linet Suárez
Assistant U.S. Attorney
USDC-PR No. G03015
350 Carlos Chardón Street
Hato Rey, Puerto Rico 00918
Tel: (787) 282-1843
Linet.Suarez2@usdoj.gov

## VERIFIED DECLARATION

I, Linet Suárez, Assistant United States Attorney, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the FBI; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 17th day of Nov., 2020.

                                        *s/ Linet Suárez*
                                        Linet Suárez
                                        Assistant U.S. Attorney

## VERIFIED DECLARATION

I, Carlos Rodriguez, Special Agent, FBI, declare as provided by 28 U.S.C. § 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture *in rem* and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 17th day of Nov., 2020.

                                        _____
                                        Carlos Rodriguez, Special Agent
                                        Federal Bureau of Investigation (FBI)

# UNSWORN DECLARATION
# IN SUPPORT OF FORFEITURE COMPLAINT

## INTRODUCTION

Pursuant to 28 U.S.C. § 1746, I, Carlos Rodriguez, Special Agent with the Federal Bureau of Investigation (FBI), declare under penalty of perjury that the foregoing is true and correct:

## PROFESSIONAL BACKGROUND

1. I am a Special Agent with the FBI. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516(1). I am also a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2. I am currently assigned to the FBI San Juan Division where I am tasked with conducting criminal enterprise investigations. I have been involved in a wide variety of investigative matters, including investigations targeting large criminal enterprises and investigations involving the unlawful distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. During the course of these investigations, I have reviewed Title III wire intercept affidavits, coordinated the execution of search and arrest warrants, conducted physical surveillance, participated in controlled purchases with confidential sources, analyzed records documenting the purchase and

sale of illegal drugs, and communicated with other local and federal law enforcement officers regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs. Through my training and experience I have become familiar with the manners in which illegal drugs are imported, distributed, and sold, as well as the methods used by drug dealers to disguise the source and nature of their profits. In addition, I have also monitored and debriefed confidential sources, sources of information, and interviewed persons charged with and convicted of felony offenses.

3. This declaration is submitted in support of a civil forfeiture complaint of property that was used or intended to be used to facilitate illegal drug trafficking in violation of 21 U.S.C. § 841 and is thus subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4). Because this declaration is submitted for a limited purpose, the undersigned had not included details of every aspect of the investigation. The undersigned is thoroughly familiar with the information contained in this declaration, either through personal investigation or through discussion with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

## PROPERTY TO BE FORFEITED

2011 Mini Cooper S, LICENSE PLATE JEB869,
VIN: WMWSV3C5XBTY13945

## BASIS FOR FACTS CONTAINED IN THIS UNSWORN DECLARATION

4. In February 2020, the FBI received information about drug trafficking organization ("DTO") members who were interested in purchasing 37 kilograms of cocaine in Puerto Rico.[1] The FBI coordinated to place a CHS in contact with the DTO members in Puerto Rico. The CHS communicated with a DTO member identified as 'Hombre' via WhatsApp Inc. messenger application with profile number 718-207-3207 for several days in April 2020 to discuss a transaction of approximately 27-37 kilograms of cocaine. The communications between the CHS and 'Hombre' were recorded with the consent of the CHS.

5. During these communications, 'Hombre' discussed purchasing 37 kilograms of cocaine from the CHS at $18,000.00 in U.S. currency per kilogram of cocaine. Therefore, the total cost for 37 kilograms of cocaine would be $666,000.00 in U.S. currency. 'Hombre' proceeded to set the meeting location for the exchange at his residence, which was located at grid coordinates 18.2840755, -65.8681330, and told the CHS that his residence was the big white and purple house.

6. On April 17, 2020, law enforcement officers conducted surveillance based on the coordinates provided by 'Hombre' and confirmed the presence of a large white and purple house. Afterward, FBI Special Agents obtained an anticipatory search warrant for the residence.

---

[1] Based on my training and experience, drug traffickers rarely openly refer to the controlled substances or narcotics they are dealing. Drug traffickers often use coded language or speak in general terms regarding the drugs.

3

7. On April 18, 2020, the CHS contacted 'Hombre,' who was later identified as Francisco Rosario Escolastico, to discuss the details of the sale. The CHS and Rosario Escolastico discussed the quantity of kilograms of cocaine to be purchased and the CHS sent Rosario Escolastico visuals of the kilograms of cocaine via FaceTime and picture message. Rosario Escolastico told the CHS that he had enough money to purchase 10-12 kilograms of cocaine that same day. Rosario Escolastico then FaceTimed the CHS and the CHS was able to observe a black bag containing bundles of U.S. currency consistent with the street value of the number of kilograms of cocaine negotiated.

8. When the CHS arrived at Rosario Escolastico's aforementioned residence, he observed a male individual, later identified as Jesus M. Quinones Otero, exiting a Mini Cooper with a large black bag and entering the white and purple house. Moments later, Rosario Escolastico and Quinones Otero exited the residence and approached the CHS' vehicle. Rosario Escolastico removed a large box from the trunk of the CHS' vehicle, and with assistance of Quinones Otero, they entered the residence with the box.

9. At that time, the order was given to execute the search warrant of the residence. FBI SWAT members entered the residence and observed Rosario Escolastico and Quinones Otero fleeing on foot from law enforcement officers through the rear of the residence. Both Rosario Escolastico and Quinones Otero were arrested after a brief pursuit.

10. During the search of Rosario Escolastico's residence, the FBI seized a heat sealer, a money counting machine, and a total of $129,495 in U.S. currency. More precisely, the FBI found $119,995 in U.S. currency inside the black bag and $9,500 in U.S. currency under a bed.

11. Meanwhile, as the search warrant was being executed, there was a Mini Cooper bearing Puerto Rico license plate JEB869 parked in front of the residence next to Rosario Escolastico's residence. The Mini Cooper was parked, but the engine was on and a male individual, later identified as Gregory Polanco Acosta, was in the driver's seat.

12. FBI Special Agents approached the Mini Cooper and began a conversation with Polanco Acosta. At that moment, the FBI Special Agents saw a large amount of cash in U.S. currency in plain view in the center console of the Mini Cooper. The FBI Special Agents asked Polanco Acosta why he was parked in front of that location and he initially replied, "I don't know, I don't understand." Polanco Acosta then became nervous, denied having any form of identification, and did not provide information about his place of residence. The FBI Special Agents then questioned Polanco Acosta about the large amount of cash in the center console, but Polanco Acosta denied ownership and stated that his friend, Quinones Otero, was inside Rosario Escolastico's residence.

13. Subsequently, Polanco Acosta consented to a search of the vehicle. A search of the Mini Cooper revealed that there was approximately $1,800 in U.S. currency in the center console.

14. Following a post-Miranda interview, Polanco Acosta admitted to participating in the purchase of the kilograms of cocaine. Specifically, Polanco Acosta stated that he and Quinones Otero used the Mini Cooper to transport the black bag containing large amounts of U.S. currency to Escolastico's residence.

15. Polanco Acosta then consented to the search of his white iPhone X phone. Inside the phone, FBI Special Agents read conversations and saw images concerning the smuggling of large amounts of money and numerous automatic weapons and firearms.

16. On May 5, 2020, Quinones Otero was debriefed from MDC, Guaynabo and he discussed the events that occurred on April 18, 2020. According to Quinones Otero, Polanco Acosta entered his Mini Cooper with a bag containing a large amount of U.S. currency. Quinones Otero knew the contents inside the bag. Quinones Otero also understood that he and Polanco Acosta were going to purchase 6 kilograms of cocaine—2 kilograms for Rosario Escolastico and 4 kilograms for Polanco Acosta. When they arrived at Escolastico's residence in the Mini Cooper, Quinones Otero entered the residence with the bag containing U.S. currency and Polanco Acosta stayed in the Mini Cooper.

17. Based on the aforementioned facts, there is sufficient probable cause to believe that the 2011 Mini Cooper S, License Plate JEB869, VIN: WMWSV3C5XBTY13945, represents property that was used or intended to be used to facilitate illegal drug trafficking in violation of 21 U.S.C. § 841, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

Carlos Rodriguez, Special Agent
Federal Bureau of Investigation

November 17, 2020

≋JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
2011 GRAY MINI COOPER S, LICENSE PLATE JFB869M, VIN:WMWSV3C5XBTY13945;

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Linet Suarez, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR  00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [X] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | | | |
| | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

[X] 1  Original Proceeding
[ ] 2  Removed from State Court
[ ] 3  Remanded from Appellate Court
[ ] 4  Reinstated or Reopened
[ ] 5  Transferred from another district (specify)
[ ] 6  Multidistrict Litigation
[ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing  (**Do not cite jurisdictional statutes unless diversity**):
21 U.S.C. § 881(a)(4) and 18 U.S.C. §§ 981(a)(1)(A) and (C)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)  JUDGE _____  DOCKET NUMBER _____

DATE: November 17, 2020

SIGNATURE OF ATTORNEY OF RECORD: Linet Suarez

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   US v. 2011 GRAY MINI COOPER S, LICENSE PLATE JFB869M, VIN:WMWSV3C5XBTY13945;

2. 

   | | |
   |---|---|
   | [X] ORDINARY CIVIL CASE | [X] CIVIL FORFEITURE |
   | [ ] SOCIAL SECURITY | |
   | [ ] BANK CASE | |
   | [ ] INJUNCTION | |

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   
   ☐ YES   [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   
   ☐ YES   [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   
   ☐ YES   [X] NO

(Please Print)

USDC ATTORNEY'S ID NO.: G03015

ATTORNEY'S NAME: Linet Suarez

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE
HATO REY   PR    ZIP CODE 00918

TELEPHONE NO.: 787-766-5656